UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVORY ELLIS,

                Plaintiff,                Case Number 25-10786

v.                                            Honorable David M. Lawson

LVNV FUNDING, LLC,

                Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS FOR SANCTIONS AND ATTORNEY FEES

Ivory Ellis, through counsel, filed a complaint alleging that defendant LVNV Funding, LLC improperly reported a debt to credit reporting agencies in violation of section 1692e(8) of the Fair Debt Collection Practices Act. That statute prohibits a debt collector from reporting false information about a person's debt to anyone, "including the failure to communicate that a disputed debt is disputed." 15 U.S.C.A. § 1692e(8). Ellis had disputed the subject debt. About three weeks after the complaint was filed, the attorneys for LVNV Funding sent plaintiff's counsel documentation showing that their client has done everything that the law required for reporting the debt. They also answered the complaint. Plaintiff's counsel refused to withdraw the lawsuit, so two weeks later the defendant filed a motion for summary judgment. A week after that, plaintiff's counsel signed a stipulation to dismiss the case. After the case was dismissed, the defendant moved for attorney's fees under the FDCPA's fee shifting provision and for sanctions under Civil Rule 11 and 28 U.S.C. § 1927. Although plaintiff's counsel did nothing inappropriate by initiating this lawsuit, when he failed to withdraw it after receiving complete information confirming that it was meritless, he unreasonably multiplied the proceedings in a way that subjects him to sanctions. Therefore, the Court will grant the defendant's motion in part under 28 U.S.C. § 1927 and order

plaintiff's counsel to reimburse the defendant for the expense incurred in preparing the motion for summary judgment.

## I. Facts

The salient details of the procedural history and underlying facts are recited in the defendant's motion briefs, and the plaintiff does not contradict the relevant factual assertions in his opposition. According to the defendant, the case played out as follows.

Plaintiff Ivory Ellis incurred a debt of approximately $921 with lender Credit One Bank, which eventually was assigned to defendant LVNV Funding, LLC for collection. In late February 2025, Ellis sent a letter to defendant LVNV, in which the plaintiff wrote: "I am making it known that I will not be paying this debt, and I expect you to acknowledge my decision accordingly." Letter dated Feb. 17, 2025, Compl., Exhibit 1, ECF No. 1-1, PageID.3. The defendant says that it construed the communication as a "refusal to pay" and not a "notice of dispute" of the plaintiff's debt to the defendant. Nevertheless, the defendant's custodian of debt servicing records attested that, after receiving the plaintiff's letter, "on February 26, 2025, [the defendant] marked the account in its internal records as disputed." Tonya Henderson decl. ¶ 8, ECF No. 9-1, PageID.54. As a result, beginning with the next monthly credit reporting cycle on March 5, 2025, and each month thereafter, the defendant reported the account to credit reporting agencies with the code "XB," signifying that the debt was "disputed." *Id.* ¶ 9, PageID.54-55. After March 5, 2025, the defendant never reported information about the account to any credit reporting agency without including the "XB" ("disputed") designation. *Id.* ¶ 10, PageID.55.

The plaintiff filed his complaint in this case on March 20, 2025. The complaint pleaded a single count alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8), based on the contention that the defendant falsely reported the debt to credit agencies without

annotating the debt as disputed. The plaintiff alleged that he discovered that transgression when he accessed his Experian credit report on March 17, 2025, and the debt was not marked as "disputed" on the report that he received. Compl., ¶ 10, PageID.3.

On April 9, 2025, the defendant's lawyer emailed plaintiff's counsel and attached a copy of the record of the defendant's data transmission to credit reporting agencies evidencing that the defendant had reported the debt using the "XB" status code on March 5, 2025. Manuel H. Newburger decl, ECF No. 12-1, PageID.106-07; *see also* Records re: Data Furnished to Credit Bureaus, ECF No. 12-1, PageID.111. Defendant's counsel asked whether the plaintiff would dismiss the complaint, based on the evidence that was furnished showing no misconduct by LVNV. Plaintiff's counsel responded that the plaintiff's position was that his correspondence disputing the debt was "disregarded," that the debt was "reported as updated" on March 4, 2025, that the plaintiff maintained that the FDCPA had been violated, and that the suit would not be dismissed.

On April 23, 2025, after the plaintiff refused to dismiss the complaint, the defendant filed its answer. On the following day, defense counsel served on plaintiff's counsel (but did not file) a copy of the defendant's motion for sanctions under Federal Rule of Civil Procedure 11. Newburger decl., ECF No. 12-1, PageID.108. Plaintiff's counsel did not dismiss the complaint within the 21-day safe-harbor period, *see* Fed. R. Civ. P. 11(c)(2), and the defendant thereafter filed its motion for summary judgment on June 5, 2025. The defendant asserts that, after its dispositive motion was filed, plaintiff's counsel "made no effort to respond to that motion," and plaintiff's counsel instead "tried to extract a nominal settlement from LVNV's counsel." Def.'s Mot. for Sanctions, ECF No. 12, PageID.97-98. When no satisfaction was forthcoming, plaintiff's counsel then "asked to dismiss the action." *Id.* at PageID.98.

The parties filed a stipulation to dismiss the case with prejudice on June 12, 2025, and an order of dismissal was entered on the following day. On June 26, 2025, the defendant filed its motion for sanctions under Federal Rule of Civil Procedure 11 and a motion seeking an award of attorney fees under 28 U.S.C. § 1927 and 15 U.S.C. § 1692k(a)(3). The defendant asks that the Court award its reasonable attorney fees incurred for the filing of an answer and motion for summary judgment, which the defendant says should not have been necessary, since there were no factual grounds for the pleaded claims.

The plaintiff responds that Rule 11 sanctions are not warranted and "bad faith" has not been shown because after defense counsel brought information about the reported trade line to the attention of plaintiff's counsel, the plaintiff's attorney discussed the case with his client and then promptly agreed to dismiss the case. The plaintiff also contends that an award of sanctions must be premised on "something more" than a mere showing that plaintiff's counsel pursued a claim that turned out to be meritless, such as filing suit for the purpose of harassment or delay, or deliberately obstructing enforcement of the Court's orders. Plaintiff's counsel further asserts that any delays in his interactions with defense counsel were due to health issues that he was suffering at the time, which complicated his ability to consult with the client.

## II. Rule 11

"A court may impose sanctions under Rule 11 if: '[(1) An attorney] present[s] to the court a pleading, written motion, or other paper . . . for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions [do not] have evidentiary support or, if specifically so identified, will [not] likely have evidentiary

support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are [not] warranted on the evidence or, if specifically so identified, are [not] reasonably based on belief or a lack of information.'" *Bojicic v. DeWine*, 145 F.4th 668, 671 (6th Cir. 2025) (quoting Fed. R. Civ. P. 11(b)). "Rule 11 imposes both a requirement of 'prefiling inquiry into both the facts and the law,' and 'a continuing responsibility to review and reevaluate . . . pleadings and where appropriate modify them to conform to Rule 11.'" *Ibid.* (quoting Fed. R. Civ. P. 11, Adv. Committee Note to 1983 Amend.; *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335-36 (6th Cir. 1988)).

Defendant LVNV argues that sanctionable conduct is proven here by the fact that plaintiff's counsel failed or refused immediately to dismiss the case as soon as defense counsel brought to his attention documentary evidence that the defendant had updated its reporting of the trade line soon after receiving the plaintiff's letter. However, in the complaint the plaintiff alleged that he received a credit report that evidenced improper reporting of the disputed debt on March 17, 2025 — just three days before the complaint was filed. The defendant tenders its own records suggesting that it sent updated data to credit reporting bureaus on March 5, 2025, one week after the plaintiff's notice of a "dispute" of the debt was received. However, it has not pointed to any information conclusively establishing the falsity of the allegation that the plaintiff received a credit report with the trade line incorrectly listed three days before suit was filed.

Moreover, even if the plaintiff's allegation about receiving an inaccurate credit report was proven to be untrue, the mere recitation in a pleading of facts that later are found to lack evidentiary support is not *per se* proof of sanctionable misconduct by counsel. For example, in a related context, the Sixth Circuit has held that it is "not a violation of [Rule 11] to file a collection lawsuit without presently possessing means to prove a debt exists . . . because Rule 11 requires only that

factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery," and "*a lawyer does not 'misrepresent' the facts by making a factual contention later proved wrong.*" *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 896 (6th Cir. 2020) (cleaned up; emphasis added); *see also Lewis v. Sole L., PLLC*, 652 F. Supp. 3d 886, 893 (E.D. Mich. 2023) ("Sanctions are not warranted here. . . . Plaintiff's claims are well grounded in fact in that he has not mischaracterized or misstated any facts.") (denying defendant's motion for Rule 11 sanctions in FDCPA action).

The defendant has not established that plaintiff's counsel knowingly misrepresented any fact pleaded in support of the claim when he filed the complaint. So far as the incomplete record before the Court suggests, it is plausible that both parties' narratives are true — i.e., that the defendant did transmit updated trade line data on March 5, 2025, and that nevertheless at least one credit bureau still reported incorrect data on the trade line less than two weeks later, on March 17, 2025. The defendant has not presented any evidence demonstrating that plaintiff's counsel pleaded in the complaint any factual assertion that he knew was untrue or unlikely to have evidentiary support at the time when the complaint was filed. Instead, the most that has been shown is that plaintiff's counsel filed a complaint pleading a nominally viable cause of action under the FDCPA, and that he subsequently agreed to dismiss the case after information was presented to him by defense counsel suggesting that the plaintiff would be unlikely to prevail. In similar cases, where defeat was conceded in response to a dispositive motion filed while the litigation was in early stages, federal courts have declined to award sanctions under Rule 11. *E.g.*, *Williamson v. Cocke Cnty. HMA, LLC*, No. 18-116, 2020 WL 13467147, at *5 (E.D. Tenn. Aug. 21, 2020) ("Rule 11 required [plaintiff's counsel] to refrain from pursuing any claims he believed to be meritless.

However, the record reflects that he did not further prosecute these claims, conceding defeat in response to Mendelson's summary judgment motion.").

The defendant has not shown that plaintiff's counsel violated the provisions of Rule 11 that permit sanctions to be imposed.

### III. The FDCPA's Fee-Shifting Provision

"Under the bedrock principle known as the 'American Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (cleaned up). "Notwithstanding the American Rule, however, [the Supreme Court has] long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Ibid.* The FDCPA reinforces those principles by "leaving the background rules for attorney fees intact," while also codifying the authority of federal courts to compel a plaintiff to pay the defendant's attorney fees and costs where suit under the statute is brought "in bad faith and for the purpose of harassment." *Id.* at 382-83 (citing 15 U.S.C. § 1692k(a)(3) ("On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.")).

"Bad faith" is the talisman under 15 U.S.C. § 1692k(a)(3). The defendant also must show that the suit was brought for an improper purpose, such as "harassment" or "delay." It has failed to do so here.

In some instances, federal courts have found that a plaintiff who filed suit after already obtaining corrective action on a trade line by the creditor defendant should be required to pay the defendant's attorney fees. *E.g.*, *Ruppen v. Portfolio Recovery Assocs., LLC*, No. 21-04896, 2024

WL 3982214, at *2 (S.D. Ohio Aug. 29, 2024) (concluding that the plaintiff knew his credit report had been corrected "before the suit was even filed," so "the plaintiff's decision to file a lawsuit for the ostensible purpose of obtaining the very relief he appears to have already secured from [the] defendant [was] indicative of bad faith.") (cleaned up; citing *Sohi v. Diversified Adjustment Serv., Inc.*, No. 15-563, 2016 WL 2745298, at *10 (S.D. Ohio May 10, 2016)); *see also*, *Sohi*, 2016 WL 2745298, at *10 (stating that "[e]ven assuming no correction to the account had been made, or that plaintiff was not aware of it, as of the date he filed his complaint, there is evidence plaintiff continued to pursue the lawsuit in bad faith and for the purpose of harassing defendant once he knew the account had been corrected and reasonably knew or should have known his claims were baseless."); *id.* at *13 (S.D. Ohio May 10, 2016) (supporting the bad-faith finding with evidence that the plaintiff "provided flippant responses to defendant's well-considered communications; he failed to respond to motions and to cooperate in discovery; and he made inconsistent representations as to the account owner and the primary purpose of the account.").

However, in other cases, federal courts, including the Seventh and Ninth Circuit Courts of Appeals, "have declined to award attorney fees [under 15 U.S.C. § 1692k(a)(3)] when a claim is minimally colorable and without additional facts supporting bad faith or harassment." *Brown v. Van Ru Credit Corp.*, No. 14-12136, 2015 WL 225727, at *5 (E.D. Mich. Jan. 16, 2015) (citing *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 775 (7th Cir. 2003)); *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007) ("We are inclined to find Guerrero's counsel's aggressive use of the Act unworthy of commendation, and are skeptical of his claim that even he, an experienced consumer protection attorney, found the two letters confusing and misleading. Nevertheless, Guerrero's argument that the letters would mislead the least sophisticated debtor is minimally colorable.")).

Here, for the same reasons discussed above, the record does not prove conclusively that the complaint was tendered "in bad faith" merely because a claim was pleaded that turned out to be unlikely to succeed once the defendant disclosed information showing that it had taken prompt corrective action on the trade line. Moreover, there is no evidence in the record suggesting that the plaintiff or his attorney was aware that the updated reporting data had been transmitted by the defendant before suit was filed. To the contrary, it is plausible both that defendant acted promptly to correct the trade line reporting, and, nevertheless, that at least one credit bureau still reported inaccurate data for a short time thereafter. It also is plausible that, even after being presented with defendant's evidence, plaintiff's counsel may have harbored good faith doubts about whether or not the claim eventually would succeed, based on the short timeline within which the purported updated report was sent, and when the plaintiff alleged that he obtained a credit report with inaccurate data. And differences of opinion between counsel about the likelihood of success on a claim are not alone evidence of "bad faith" conduct. *Keith v. Bruce*, No. 20-766, 2021 WL 6804124, at *4 (W.D. Ky. Nov. 2, 2021), *R&R adopted*, 2022 WL 2405589 (W.D. Ky. Feb. 28, 2022) ("The undersigned finds that neither Keith nor his counsel brought this action in bad faith within the narrow scope of that term. Bruce alleges that Keith's counsel acted in bad faith by maintaining the action even though they knew the claim was meritless. Courts in this circuit have consistently found that differing opinions on the merits does not evince bad faith.").

Moreover, there is no evidence of an improper purpose here, such as harassment. Even where it is determined that an FDCPA complaint was lodged initially in "bad faith," fee shifting to the defense has been held to be inappropriate where the case was dismissed in an early phase, after limited (or no) discovery and preliminary dispositive motion practice. *E.g.*, *McCain v. LTD Fin. Servs., L.P.*, No. 22-43, 2022 WL 17669895, at *4 (S.D. Ohio Dec. 14, 2022) ("Assuming

arguendo that Plaintiff brought suit in bad faith, Defendant would nevertheless not be entitled to attorney's fees under 15 U.S.C. § 1692k(a)(3) because Defendant failed to establish that Plaintiff acted 'for the purpose of harassment' — the second prong of the two-prong standard.  Plaintiff voluntarily dismissed her case with prejudice less than three months from her initial filing — when the parties had only just begun to exchange discovery requests.  There are no facts to support that Plaintiff intended to harass Defendant by filing or briefly maintaining her suit, e.g., Plaintiff here did not aggressively pursue and extend litigation.").  Similarly, here the litigation was in early stages, before a scheduling order even had been issued, and before formal discovery had commenced, and the complaint was dismissed by stipulation soon after defendant's answer and motion for summary judgment were filed, without formal opposition from the plaintiff.  On similar facts, federal courts have hesitated to grant fees to the defendant under the FDCPA's reverse fee-shifting provision.

Defendant LVNV has not established conclusively that the complaint was filed in bad faith, and even if it could there is no proof from the brief tenure of the litigation that it was pursued for any improper motive such as harassment or delay.  It is not entitled to attorney's fees under 15 U.S.C. § 1692k(a)(3).

IV.  28 U.S.C. § 1927

"An attorney who 'multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"  *Bojicic v. DeWine*, 145 F.4th 668, 673 (6th Cir. 2025) (quoting 28 U.S.C. § 1927).  This statute differs from Rule 11 and 15 U.S.C. § 1692k(a)(3) in that no finding of bad faith is required to trigger its application.  *Bojicic*, 145 F.4th at 673 ("Section 1927 applies 'even in the absence of any conscious impropriety.'") (quoting *Hall v.*

*Liberty Life Assurance Co. Of Boston*, 595 F.3d 270, 275 (6th Cir. 2010)). "Thus, '[t]he proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Ibid.* (quoting *Hall*, 595 F.3d at 275-76). "'A legal contention is frivolous if it is "obviously without merit" under existing law and unsupported by a good-faith argument to change or extend the law.'" *Ibid.* (quoting *King v. Whitmer*, 71 F.4th 511, 528 (6th Cir. 2023); Fed. R. Civ. P. 11(b)).

The question presented by the present motion is why plaintiff's counsel, when presented with incontestable evidence that the defendant fully complied with the section of the FDCPA upon which the complaint was based, refused to back off and dismiss the case. As indicated earlier, plaintiff's counsel cannot be faulted for commencing the action on March 20, 2025 with the information he had in hand. But he grounded his case on LVNV's failure to flag his client's debt as contested, and within three weeks, on April 9, 2025, the defendant's attorney sent him the documentation undermining the critical allegation in the complaint. (Plaintiff's counsel filed a supplemental statement asserting that the credit bureau data was not sent to him until after the Rule 11 motion was filed, but the email string attached to Manuel Newberger's declaration does not support that claim. *See* ECF No. 1, PageID.110-11). The futility of the lawsuit should have hit home when the defendant served the unfiled Rule 11 motion under the safe harbor provision, which laid out reasons why it would not have been proper to continue the litigation. That gave plaintiff's counsel three weeks to change course. *See* Fed. R. Civ. P. 11(c)(2). Nonetheless, it wasn't until the defendant went to the expense of preparing and filing a motion for summary judgment that plaintiff's counsel finally relented and stipulated to dismiss the complaint.

Section 1927 sanctions are appropriate when the court finds "conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court" and "which, as a result, causes additional expense to the opposing party." *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992). The determination whether a section 1927 fee award should be imposed "require[s] a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). The purpose of § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Ibid.* "[A]n attorney is sanctionable [under section 1927] when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Ibid.*

It cannot be said here that plaintiff's counsel "abuse[d] the judicial process," but there is no good reason in this record that justifies the refusal by plaintiff's counsel to accept the uncontested facts. The service of the Rule 11 motion under the safe-harbor provision of the rule should have been reason enough for the plaintiff and his lawyer to realize that his lawsuit had no future and that unreasonably persisting would do nothing more than multiply the proceedings and cause unwarranted expense to the defendant.

The defendant is not entitled to sanctions under Rule 11, nor is it entitled to attorney fees as a sanction for preparing that motion. However, it is entitled to be reimbursed for preparing the summary judgment motion, which was never argued because of the plaintiff's delayed stipulation to dismiss the case.

V.  Conclusion

The defendant has not shown that plaintiff's counsel violated Civil Rule 11 by filing the present lawsuit, and it has not established a right to attorney's fees or costs under 15 U.S.C. § 1692k(a)(3). However, plaintiff's counsel unreasonably multiplied the proceedings when he failed to take reasonably prompt action to dismiss the case when confronted with incontestable evidence that the claim lacked merit.

Accordingly, it is **ORDERED** that the defendant's motion for attorney's fees under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927 (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART**.  The request for an award of attorney fees under 28 U.S.C. § 1927 is **GRANTED**.  The defendant may present a supplemental motion for attorney's fees incurred in the preparation and filing of its motion for summary judgment.  The supplement must be filed **on or before December 3, 2025**.  Any response by plaintiff's counsel must be filed **on or before December 17, 2025**.  The motion is **DENIED** in all other respects.

It is further **ORDERED** that the defendant's motion for sanctions under Federal Rule of Civil Procedure 11(c) (ECF No. 12) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 19, 2025